Chancellor Waties.
The bill in this case is brought to set aside a sheriff’s sale of lands, which were devised' to the complainant by her grand-father, W. Farys. The facts exhibited by the commissioner’s report, and other evidence, appear to be these: W. Farys, at his death, left a considerable real, estate» and but a small personal one;, his debts amounted only *262 to ‡ 132 17 cents, and the proceeds of the sale of his personal ¿■state were $ 185 82 cents. The largest of his debts was one to D. R.-Evans, of about ‡ 25, on which a suit was brought,, and after judgment obtained, an execution was issued and levied on the lands devised to the complainant. The levy, as design mated on the execution, was “on the plantation'of W Farys, deceased, containing 100 acres, more or less;” and at the sale the sheriff put it up as “the tract on which W. Farys lived, containing 100 acres, more or less.” The lands devised to complainant comprehend, according to the description of the will, several tracts, containing 265 acres, and are included in a new grant taken out by the testator, in consequence of losing his papers by the burning of his house: but the particular tract on which he lived, was always considered by the neighborhood as distinct from the others, and continued to be so after the new grant was taken out; it was still called the old tract of 100 acres; and one of the surveyors testified that the other tracts did not even join it. The defendant, Younge, was the purchaser at the sheriff’s sale, and acknowledged at the time that he had purchased the old tract of 100 acres; but he afterwards procured from the daughter of Joseph Farys, then a child, in the absence of her lather, who was one of the executors of W. Farys, the new grant and other papers relating to the lands, and declared “that he would hold the whole of the land that was in the plat.” The sheriff’s title professes to convey but one tract of 100 acres, more or less; but it adopts such a description of the boundaries as will comprehend the other tracts of land devised to the complainant. The price at which Younge bought was $ 335; he afterwards sold to one Robinson, for $700, and conveyed, 244 acres; but Robinson becoming mistrustful of the title for so much, resold to Younge for ‡ 900, who finally sold to the defendants, John and Henry Castles, for ‡ 2,900.
It is manifest from this evidence that the complainant has been greatly wronged, and is entitled to all the relief which this court can afford.
I do not however feel authorised to set aside the whole *263 sale, for this must be considered valid as it respects the tract of 100 acres; but it cannot "be allowed to operate as a valid sale of the other tracts, and consequently can convey no right in them to the defendant, Younge, or to the subsequent purchasers from him.
I could, wish that the sheriff’s deed could.be so restricted On the grounds of construction; but it isqflain that the terms in which it describes the land would give to the purchasers the unconscionable advantage which they claim. No fraud is imputable to the sheriff, as all his acts shew that he only intended to .levy on and sell the tract of 100 acres; but I am constrained to believe from the evidence, that he must have taken the description of the land from the representation of the defendant, Younge, who had procured the papers of old Farys for the purpose, and who afterwards avowed that he had got the sheriff to make the title “to his mind.”
The complaint has a right to still further relief. The executors, J. Farys and W. Smith, have been shamefully indifferent to her interests, for it is not to be believed that they could not, with a small exertion, and without any loss to themselves, have raised the trifling amount for which her land was sacrificed. They can however only be held legally responsible for this on the ground of a devastavit, and this has been fully established against the defendant, Smith. The commissioner has reported that the executor, J. Farys, was, at the time of the levy on the land, a creditor of the estate, to a small amount; but that the executor, Smith, was a debtor for'more than was sufficient to satisfy the judgment of Mr. Evans. . As a debt due by an executor to the estate of his testator is considered assets in his bands, the defendant, Smith, was Under a legal obligation to apply , his debt to the discharge of the judgment, and as by neglecting to do so, the complainant’s land was subjected to it, he is answerable to her for the full amount of the injury she has sustained by the sheriff’s sale;
It is therefore ordered and decreed, that the sheriff’s title to the defendant, T. L. Younge, and the subsequent title from him to the defendants, J, & H. Castles, for the land which *264 belonged to W. Farys, dec’d. be only operative so far as they con* vey a right to the tract called the 100 acres, on which W. Farye Jived, and which is designated by the letter B on the plat of re" survey, certified by the surveyor, Jas. Kennedy;and the said titles are declared to 'be null and void, so far as they convey to the said defendants anyrightto the other tracts of land devised to the complainant; and it is ordered that they do deliver up the possession of the said other tracts to the complainant, and accoun to her for the rents and profits thereof since they have had possession of tile same. It is further ordered, that the commissioner do ascertain and assess the value of the tract designated in the said plat by the letter B, at the time of the sale thereof, by the sheriff, and that the defendant, W. Smith, do pay the complainant the said value, with interest thereon from the time Of the said sale, to the date of this decree.
P. E. Pearson, for appellants,'
Chappell and Clarke, contra..
The costs to be paid by the defendants, T. L. Younge and W. Smith.
The defendants appealed bn the grounds,
That there was no mistake; the sheriff intended to sell, and Younge to purchase, the whole of the lands described in the deed:
That the evidence did not establish fraud on the part of Younge:
That the defendants, H. & J. Castles, were innocent pur-' chasers, for valuable consideration, without notice.
It was ordered and decreed that the decree of the circuit court be affirmed, and that the defendant, Younge, pay all the •costs of this suit. By the whole court.